IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REGINALD J. HUNTER § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:12-CV-02627 |
| § | |
| DEPARTMENT OF AGING AND § | |
| DISABILITY SERVICES § | |
|     *Defendants.* § | |

## DADS DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE Vanessa D. Gilmore:

NOW COME Defendants the Department of Aging and Disabilities Services, Laurence Beauvais, and Samantha Gotsdiner (collectively "DADS Defendants") by and through Greg Abbott, Attorney General of the State of Texas, and the undersigned Assistant Attorney General, and files this Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6), FED. R. CIV. P., and respectfully shows the Court as follows:

## I.
## INTRODUCTION

Reginald Hunter ("Plaintiff") filed a complaint naming the Department of Aging and Disabilities Services, Laurence Beauvais, and Samantha Gotsdiner as Defendants. (Doc. 1). Plaintiff appears to assert a Title VII employment discrimination claim. Specifically, Plaintiff claims that DADS and named Defendants discriminated against him because of his race and color. (Doc. 1, page 1). Plaintiff alleges that such conduct took place "on and off for 5-1/2 years." *Id*. Plaintiff's Complaint does not specify what relief or damages, if any, he seeks from this Court.

Plaintiff's claims against DADS Defendants must be dismissed because:

1. Plaintiff lacks Standing; and

3. Plaintiff fails to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6)." *August Trading Inc. v. United States Agency For Int'l Dev.,* 67 F.Supp.2d 964, (S.D. Tx. 2001) at page 2; *citing Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A dismissal pursuant to Rule 12(b)(6) is only proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle the plaintiff to relief. *Rubinstein v. Collins*, 20 F.3d 160 (5th Cir. 1994).

To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.
## ARGUMENT AND AUTHORITIES

**A.     Plaintiff lacks Standing to bring this lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely…be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

In the instant case, Plaintiff has not presented an injury in fact caused by the DADS Defendants. No alleged injuries are "fairly traceable" to the DADS Defendants' conduct. Plaintiff does not articulate any legal basis for his lawsuit, and does not identify any legally cognizable claim of injury. As discussed *infra*, Plaintiff has not demonstrated that he suffered an injury as a result of DADS Defendants' alleged actions insofar as he has not set forth an allegation that he suffered any adverse employment action.

Further, Plaintiff's suit will not likely be redressed by a favorable decision, as the Plaintiff fails to set forth the relief that he seeks from this Court. (See Doc. 1, page 3).

Because Plaintiff lacks standing for any claims against them, the DADS Defendants are entitled to dismissal of Plaintiffs' lawsuit in its entirety, pursuant to FED. R. CIV. P. 12(b)(1).

**B.     Plaintiff Fails to State a Claim for Which Relief May Be Granted**

   1.    *Plaintiff does not assert that he suffered adverse employment action*

Plaintiff has not stated a claim against the DADS Defendants for which relief may be granted. Plaintiff has not identified any way in which the actions of the DADS Defendants themselves caused any harm allegedly suffered by Plaintiff.

Specifically, Plaintiff appears to bring a Title VII claim against DADS Defendant. Title VII forbids an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Plaintiff has the initial burden of proving a *prima* facie case of discrimination. *Wilson v. Belmont Homes*, 970 F.2d 53, 57 (5th Cir. 1992). In order for Plaintiff to assert a *prima facie* case of discrimination, he must show that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)). With respect to claims of discrimination under Title VII, the Fifth Circuit only recognizes ultimate employment decisions such as "hiring, granting leave, discharging, promoting, or compensating" as actionable adverse employment actions. *McCoy*, 492 F.3d at 559-60. Allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not alone constitute actionable adverse employment actions as discrimination or retaliation. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006); *see also Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir.2000) (holding that criticism, oral threats, abusive remarks, and threats of termination did not rise to the level of adverse employment action).

In the instant case, Plaintiff has wholly failed to allege in his Complaint that he was either discharged or suffered some other adverse employment action. Plaintiff's allegations fail to meet the above threshold requirements for a Title VII claim. For example, among other things, Plaintiff alleges that one of the DADS Defendants discriminated against him by "disparagingly giving blacks merit raises, while graciously giving merit raises to a white surveyor." (Doc. 1, page 2). Instead of pleading an adverse employment action by DADS Defendants, Plaintiff alleges the exact opposite of what Title VII requires to support a claim. Plaintiff fails to allege any facts which indicate that he was treated less favorably than other similarly situated employees outside of his protected class. Plaintiff's conclusory allegations that he was discriminated against because of his race or color are insufficient to state a discrimination claim upon which relief can be granted.

Further, to the extent that Plaintiff has asserted a claim for hostile work environment based on race/color, he has also failed to state a claim upon which relief can be granted. In order for Plaintiff to establish a title VII violation based on race discrimination that results in a hostile work environment, he must prove, among other things, that the harassment complained of affected a term, condition, or privilege of Plaintiff's employment. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). In this regard, Plaintiff has failed to allege that the purported harassment affected a term, condition, or privilege of his employment. *See Id*. Instead, Plaintiff has indicated that "degrading and insulting" pictures were written on his files and that his supervisor critiqued his surveyor reports more so than those of white surveyors. Even if true, none

of these purported acts of "harassment" could have unreasonably interfered with Plaintiff's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

    2.    *Plaintiff does not demonstrate that he exhausted his administrative remedies*

The Fifth Circuit has long required that Plaintiffs exhaust their administrative remedies prior to bringing suit under Title VII. *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006) (citing *Wheeler v. American Home Products, Corp.*, 582 F.2d 891, 897 (5th Cir. 1977)). For Plaintiff to file suit under Title VII, be must first file a charge with the EEOC within 180 days of the alleged discriminatory act. *Id*. If the EEOC issues a right-to-sue letter, the Plaintiff then has 90 days to file his Title VII action. *Id*. The receipt of the right-to-sue letter is a condition precedent to bringing suit against an employer under Title VII. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218-19 (5th Cir. 1982). If Plaintiff fails to bring suit within the 90 day period following his receipt of a right-to-sue letter, his lawsuit should be dismissed as untimely. *Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

Here, the Plaintiff states that he filed a complaint with the EEOC on November 10, 2011. (Doc. 1, p. 1). However, Plaintiff fails to assert any of the requisite elements to establish the exhaustion of his administrative remedies under Title VII. Plaintiff asserts no facts concerning the receipt, if any, of a right-to sue letter issue to him by the EEOC. Moreover, even if Plaintiff did receive a right-to-sue letter, he does not include any information as to the date on which he received it nor does he otherwise plead sufficient facts to establish that he is filing suit within the 90 day period of limitation established by 42 U.S.C. § 2000e-5(f)(1). Further, while Plaintiff claims that the alleged discriminatory conduct took place "on and off for 5-1/2 years," he does not assert that

any of the conduct occurred within the requisite time frame prior to filing a charge with the EEOC. (Doc. 1, page 1); *Wheeler*, 582 F.2d at 897. Plaintiff's complaint does not meet the threshold requirement that he has exhausted his administrative remedies before bringing suit to this Court.

As a matter of law, the DADS Defendants are entitled to dismissal of Plaintiff's claim, pursuant to FED. R. CIV. P. 12(b)(6).

## IV.
## CONCLUSION

This Court should dismiss Plaintiffs'' lawsuit as described hereinabove.

WHEREFORE, the Department of Aging and Disabilities Services, Laurence Beauvais, and Samantha Gotsdiner request that Plaintiff take nothing by his suit, and that Department of Aging and Disabilities Services, Laurence Beauvais, and Samantha Gotsdiner recover all such other and further relief, special or general, at law or in equity, to which they are justly entitled, including but not limited to costs incurred herein.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation

*/s/ Michael J. Patterson*
**MICHAEL J. PATTERSON**
Texas Bar No. 24074868

So. Dist. Id# 1607819
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR Department of Aging and Disabilities Services, Laurence Beauvais, and Samantha Gotsdiner*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *DADS Defendants' Motion to Dismiss* was served on the 11th day of December, 2012, upon the following individuals by Certified Mail, Return Receipt Requested and First Class Mail:

Reginald J. Hunter               *Pro Se Plaintiff*
7914 Brookside
Pearland, TX 77581


*/s/ Michael J. Patterson*
**MICHAEL J. PATTERSON**
Assistant Attorney General